IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE DE LEON ROMANO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 19-633 |

O R D E R

AND NOW, this 17th day of August, 2020, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating her residual functional capacity ("RFC") because he failed to consider a medical opinion by one of

1

her treating physicians, Wendy Helkowski, M.D., submitted after the administrative hearing but before the ALJ issued his decision on December 17, 2018.  The Court disagrees and finds that the ALJ did not err in not addressing the medical opinion at issue and further finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

The administrative hearing in this case was held on October 30, 2018.  (R. 29-65).  Prior to this hearing, on August 3, 2018, ALJ Michael S. Kaczmarek sent Plaintiff notice that all written evidence was to be submitted no later than 5 business days before the date of the hearing and that he may decline to consider evidence that was not timely provided unless it fit within one of the limited exceptions.  (R. 139).  Although Plaintiff did produce a significant amount of evidence prior to the hearing, she did not submit the medical opinion from Dr. Helkowski at issue here.  Indeed, this would not have been possible, since the opinion was not generated until December 5, 2018, and purports to rely primarily on a progress note dated November 19, 2018.  The record contains no other mention of Dr. Helkowski, and Plaintiff did not identify her as a relevant treating source at any point before the ALJ.

According to Plaintiff, on December 5, 2018, Dr. Helkowski sent the opinion regarding Plaintiff's functional capacity, along with several unrelated treatment notes from years earlier, to the ALJ via facsimile.  The materials Plaintiff has submitted include a fax cover sheet indicating that the information was sent by Dr. Helkowski to ALJ Kaczmarek at what appears to be a correct fax number.  There is no indication that the ALJ was, in fact, aware of this evidence, and it was not included in the administrative record.  Plaintiff did submit the opinion, as well as other evidence, to the Appeals Council in seeking review of the ALJ's decision, but at no point indicated that her position was that the material was received by ALJ Kaczmarek prior to his December 17, 2018 decision.  (R. 2, 161-62, 242).  The Appeals Council treated the opinion and other material as new evidence and declined to remand the case to the ALJ based on it, stating that there was not a reasonable probability that the material would change the outcome of the ALJ's decision.

Plaintiff now alleges that since the ALJ had received Dr. Helkowski's opinion as to her functional limitations prior to issuing his decision, he was required to consider and discuss it in formulating her RFC and in otherwise determining whether she was disabled.  She asserts that this is especially true given that Dr. Helkowski is a treating physician whose opinion is entitled to special consideration pursuant to long standing Third Circuit case law.  Defendant maintains that there is no indication that the materials were ever, in fact, received by the ALJ and that, even if they were, he was not required to consider them because they were not properly and timely submitted.  The Court agrees with Defendant.

The Court first notes that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence.  See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011).  Accordingly, the Court cannot rely on any records that were not part of the administrative record upon which the ALJ based his decision in making its determination here.  Whether the ALJ did or did not receive the opinion at issue in a timely manner and whether or not he should have included it in the record before him,

it is clear that he did not. The issue, then, is whether there is a basis for remanding this case to account for this evidence. While the Appeals Council treated the evidence as "new evidence" pursuant to sentence six of 42 U.S.C. § 405(g), Plaintiff asserts that the evidence is not "new" and therefore not subject to the requirements for the remand of a case under sentence six. Instead, she claims that the evidence was before the ALJ and that he improperly disregarded it.

However, as noted above, Plaintiff had been informed that written evidence was to be submitted at least 5 days before her October 30, 2018 hearing. This is consistent with the relevant regulations, which provide:

> Each party must make every effort to ensure that the [ALJ] receives all of the evidence and must inform us about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the [ALJ] may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 404.935(a). Subsection (b) provides that the ALJ will accept later-submitted relevant evidence if received before a decision has been issued and if it was not submitted in accordance with subsection (a) because: (1) The Social Security Administration ("SSA")'s actions misled the claimant; (2) the claimant had physical, mental, educational, or linguistic limitations that prevented him or her from informing the SSA about or submitting the evidence earlier; or (3) some other unusual, unexpected, or unavoidable circumstance beyond the claimant's control prevented him or her from informing the SSA about or submitting the evidence earlier. See 20 C.F.R. § 404.935(b). It is clear here that Dr. Helkowski's opinion was not submitted in accord with subsection (a), and the Court finds that none of the exceptions set forth in subsection (b) apply. As such, the material was not properly before the ALJ and did not need to be accepted and considered.

Plaintiff was unambiguously directed to submit her evidence at least 5 days prior to the hearing and informed that evidence not submitted then might not be considered. Plaintiff does not allege, nor does the record show, that she was limited in communicating with the ALJ or in submitting evidence to him. Indeed, she submitted a substantial amount of evidence that was included in the record. Plaintiff, in fact, does not really assert that any of the exceptions set forth in Section 404.935(b) apply, but rather argues that the ALJ had a heightened duty to develop the record given her *pro se* status. Plaintiff waived her right to representation for these proceedings (R. 31-32, 160), and she does not challenge the validity of this waiver. Rather, she argues that in the absence of counsel, the ALJ had a particularly strong obligation to assure that the record was complete.

However, it is not reasonable to assign error to the ALJ based on the facts in this case. As noted, Dr. Helkowski was not one of the health care providers identified by Plaintiff, so her name would not have been known to the ALJ when she sent the December 5 facsimile. The fax cover does not identify the material sent other than to state that it relates to Stephanie De Leon.

Nothing submitted in the fax establishes what treating relationship Dr. Helkowski had with Plaintiff, and the opinion itself merely references a November 18 treatment note not included with the opinion which may or may not have pertained to treatment by Dr. Helkowski.  Indeed, much of the information contained in the fax was from years earlier and clearly did not relate to Dr. Helkowski or her opinion.

Under these circumstances, it would not be surprising that such late-submitted evidence never made its way to ALJ Kaczmarek.  Even if it did, it arrived with no explanation as to why it was sent so long after the hearing and was sent by a doctor not otherwise mentioned in the record.  As noted, the opinion referenced only a progress note that was not included in the fax.  The Court finds that, even assuming the ALJ should have been aware of the existence of this opinion, he certainly was under no obligation to consider it.  The Court further notes that the ALJ relied on a great deal of evidence in rendering his decision, and that substantial evidence supports his findings.

As noted, Plaintiff does not argue that the case should be remanded on the basis of new evidence under sentence six of 42 U.S.C. § 405(g).  However, even if she did, the Court would not find such a remand to be warranted.  Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which was not before the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record.  Second, the evidence must be material.  This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination.  Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record.  See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).  Plaintiff could not meet this burden even if she did seek a sentence six remand.

Because Dr. Helkowski's opinion was not included in the record before the ALJ, and, indeed, did not exist until after the administrative hearing, it appears to be new and not merely cumulative of what is in the record.  However, the Court agrees with the Appeals Council that there is no reasonable possibility that Dr. Helkowski's opinion as to Plaintiff's functional limitations would have changed the outcome of the determination.  As the Court discussed above, the record fails to establish the nature of the treating relationship between Plaintiff and Dr. Helkowski, and the only "supporting" information is a reference to treatment note that was not provided.  Given the volume of evidence that the ALJ did consider, it is unlikely that Dr. Helkowski's unsupported opinion that Plaintiff had somewhat greater functional limitations would have made any difference.

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and that Defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:		Counsel of record

---

In any event, Plaintiff cannot establish good cause for failing to properly submit the evidence to the ALJ. No reason is provided for Plaintiff's failure to obtain a medical opinion from Dr. Helkowski, or from any other physician, prior to her hearing. Moreover, as discussed above, the evidence was not submitted in a timely manner, and no explanation has been proffered for its untimeliness.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.